# In the United States Court of Federal Claims

No. 10-204 C

(Filed August 12, 2013)

```
* * * * * * * * * * * * * * * * * * * *
UNIGLOBE GENERAL TRADING     *
& CONTRACTING CO., W.L.L.,   *
                             *
            Plaintiff,       *
                             *
    v.                       *
                             *
THE UNITED STATES,           *
                             *
            Defendant.       *
* * * * * * * * * * * * * * * * * * * *
```

## ORDER

      Now pending before the court is defendant's April 22, 2013 motion for partial dismissal of plaintiff's amended complaint for lack of subject matter jurisdiction. That motion has been fully briefed. The court finds, however, that the record before it appears incomplete. The court therefore orders defendant to supplement the record as set forth below.

      The government moves to dismiss only the portion of plaintiff's amended complaint related to the alleged breach of a contract, numbered DABM06-03-P-0442, for the lease of five Caterpillar construction vehicles (the 442 contract). The basis for defendant's motion is that plaintiff's claim based on the 442 contract is untimely under the twelve-month statute of limitations set forth in section 7104(b)(3) of the Contract Disputes Act (CDA), 41 U.S.C. § 7104(b)(3) (2006).

      In response, plaintiff argues that while the contracting officer made a final decision on the *repair costs* component of plaintiff's claim under the 442 contract, he never made a final decision on the *lease fees* component of that claim. In this regard, plaintiff notes that a September 26, 2005 "Memorandum for Record," which is attached as an exhibit to defendant's motion, refers to and purports to

attach a "final decision and legal opinion on [plaintiff's] previous claim for lease charges" but, in fact, omits that attachment.  Pl.'s Resp. at 2 (citing Def.'s Mot. Ex. E at 2 ("The contractor has previously filed a claim for lease charges against the equipment in this contract.  The contracting officer's final decision and legal opinion on this previous claim for lease charges [are] included in the support[ing] documents tab B.")).

Plaintiff further notes that an October 23, 2005 revised "Memorandum for Record," which is also attached as an exhibit to defendant's motion, refers to the 442 contract being "previously cancelled due [to] the substandard equipment being delivered to [the] customer" and purports to attach a "final decision and legal opinion on this claim," yet omits that attachment as well.  Pl.'s Resp. at 6-7 (citing Def.'s Mot. Ex. G at 2 ("The contract was previously cancelled due [to] the substandard equipment being delivered to [the] customer.  The contracting officer's final decision and legal opinion on this claim [are] include[d] in the support[ing] documents tab C.")).

Defendant did not supply these missing attachments, nor did it provide any explanation as to why these documents are missing from the record or the significance, if any, of their omission.  In view of the incomplete nature of the record, the court orders defendant to supplement the record as set forth below.  Upon reviewing defendant's supplementation, the court may find it necessary to order supplemental briefing addressing the legal significance of the additional evidence provided.

Accordingly, it is hereby **ORDERED** that:

(1) Defendant shall **FILE** a **Supplement to its Partial Motion to Dismiss the Amended Complaint**, on or before **August 26, 2013**, which shall include:

    (A) "tab B" referenced in Exhibit E to defendant's Partial Motion to Dismiss the Amended Complaint; and

    (B) "tab C" referenced in Exhibit G to defendant's Partial Motion to Dismiss the Amended Complaint;

2

(2) If defendant is unable to provide the documents referenced above, defendant shall **FILE** a **Supplement to its Partial Motion to Dismiss the Amended Complaint**, on or before **August 26, 2013**, which shall include:

    (A) a **Declaration** of the contracting officer or other appropriate government personnel explaining why defendant is unable to provide copies of such documents; and

    (B) a **Description**, to the extent possible, of the content of such documents.

/s/Lynn J. Bush  
LYNN J. BUSH  
Judge